FRYER et al. v. HEADLEE et al. (No. 1061.)

(Court of Civil Appeals of Texas. El Paso. Feb. 5, 1920.)

APPEAL AND ERROR ⟪⟫395—WHERE BOND IS NOT FILED IN TIME APPEAL WILL BE DISMISSED.

Where an appeal bond is not filed in time to give jurisdiction to the appellate court under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, the appeal must be dismissed.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Suit by E. Headlee and others against George W. Fryer and others. Judgment for plaintiffs, and defendants appeal. Appeal dismissed.

Brooks, Worsham & Graham, of Dallas, for appellants.
Williford & Geppert, of Fairfield, for appellees.

WALTHALL, J. Appellee, E. Headlee, and other taxpayers of Freestone county, instituted this suit against the county judge and other members of the county commissioners' court of Freestone county, the county tax assessor and collector, the treasurer, auditor, and W. A. Myrick and A. B. Ayers, for the purpose of declaring void and unen-

---

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

forceable and to enjoin pendente lite the execution of a contract entered into by the commissioners' court with W. A. Myrick and A. B. Ayers for the erection of a county courthouse; to hold void the tax levied to meet the expense of erecting said building. An interlocutory injunction was granted by the trial district judge pending further orders of the court. Subsequently on a motion to dissolve, a further hearing in chambers was had, when the temporary injunction was dissolved. An appeal was prosecuted from the order of the court dissolving the injunction of the Court of Civil Appeals at Dallas, the judgment there reversed, and the cause remanded for further proceedings not inconsistent with the views expressed in the opinion. For a full statement of the issues presented and the matters therein determined, see Headlee v. Fryer, 208 S. W. 213. This appeal is prosecuted by W. A. Myrick from the final judgment of the trial court in that case perpetuating the injunction, and entering such orders therein as were consistent with the views expressed by the Court of Civil Appeals on the former appeal. The judgment finally disposing of the case was rendered and the judgment entered on June 24, 1919. Notice of appeal is given in the judgment. No other notice of appeal appears in the record. The appeal bond was filed and approved on July 26, 1919. The bond was not filed in time to give jurisdiction to the appellate court under article 2084, Vernon's Sayles' Civil Statutes. The matter is jurisdictional with appellate courts. Sanger v. Burge, 44 S. W. 871; Railway v. Whatley, 99 Tex. 128, 87 S. W. 819; Brown Grain Co. v. Miller, 143 S. W. 244.

The appeal is dismissed.